**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4243**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JEFF DORIAN HOWELL,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Alexander Williams, Jr., District Judge.   (8:12-cr-00577-AW-1)

_____

Submitted:  November 19, 2013        Decided:  November 21, 2013

_____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Julie L.B. Johnson, Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Margaret A. Moeser, Special Assistant United States Attorney, Adam K. Ake, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeff Dorian Howell pled guilty to reentry after deportation as an aggravated felon, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2012), and was sentenced to twenty-seven months of imprisonment. On appeal he raises two issues, whether his sentence: (1) was procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) (2012) factors raised by defense counsel and applied the same standard to reject his requests for a variance and departure, and (2) was substantively unreasonable because the court improperly balanced the § 3553(a) factors. For the reasons that follow, we affirm.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, it is presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007). The presumption may be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors.

2

United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we conclude that the district court committed no procedural or substantive error in imposing Howell's sentence. Howell does not contest that the twenty-seven-month sentence he received was at the bottom of his properly calculated advisory Guidelines range. The court adequately explained why it rejected Howell's arguments for an eighteen-month sentence, which could have been achieved by a downward variance or departure. See United States v. Diosdado-Star, 630 F.3d 359, 365-66 (4th Cir. 2011).[*] A district court has flexibility in fashioning a sentence even outside of the Guidelines range and need only set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for its decision. Id. at 364. Moreover, the court specifically addressed Howell's argument for lower sentence based on cultural assimilation. See U.S. Sentencing Guidelines Manual § 2L1.2. comment., (n.8) (2012). Howell's sentence is substantively reasonable because it was

---

[*] Howell is incorrect that the district court needed to apply a different standard to his request for a variance and departure. See Diosdado-Star, 630 F.3d at 364-65 (noting that Rita v. United States, 551 U.S. 338 (2007), did not indicate either a difference or preference between departures or variances, or comment upon the precise procedure of applying either).

3

imposed within his advisory Guidelines range and he has failed to show it was unreasonable based on application of the § 3553(a) factors.  Montes-Pineda, 445 F.3d at 379.

Accordingly, we affirm Howell's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would aid the decisional process.

AFFIRMED